IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUSSEY COPPER, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROYAL INSURANCE COMPANY OF AMERICA, | ) ) | Lead Case at Civil Action No. 07-758 |
| | ) | Judge Conti |
| Defendant. | ) | Magistrate Judge Bissoon |
| | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HUSSEY COPPER, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

On August 1, 2008, this case was referred to a magistrate judge for pretrial proceedings in accordance with the Magistrates Judges Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates Judges.

On June 3, 2009, the magistrate judge issued a report (Doc. 58) recommending that the motion for partial summary judgment filed by plaintiff Hussey Copper, LTD. ("plaintiff") based upon the doctrine of regulatory estoppel and for reconsideration (Doc. 46) be denied. The magistrate judge also recommended that the court's prior grant of summary judgment in favor of Royal Insurance Company of America ("Royal") and Federal Insurance Company ("Federal" and

together with Royal, "defendants")  under their "absolute" pollution exclusions be deemed final.

Service of the report and recommendation (the "June 3rd R&R") was made on the parties, and plaintiff filed objections on June 22, 2009.  (Doc. 59).  After Royal responded (Doc. 64), plaintiff was permitted to file a reply in support of its objections.  (Doc. 66). Federal responded by joining in Royal's opposition to plaintiff's objections. (DOC. 68).  Royal filed a surreply (Doc. 69).   The June 3rd R&R has been fully briefed, and it is now ripe for adjudication.[1]

In its objections, plaintiff reasserts many arguments rejected, either directly or by implication, in the June 3rd R&R.  Plaintiff's objections do not overcome the specific, fundamental basis upon which the magistrate judge found regulatory estoppel inapplicable:

> [A]t best, Plaintiff may argue that Defendants should be estopped from denying coverage for property damage suffered in the absence of a government-mandated cleanup. . . .  <u>The problem for Plaintiff, however, is its inability to demonstrate that Defendants have taken an "opposite" position before this Court</u>.
>
> Even under the most liberal reading of the regulatory estoppel doctrine, Plaintiff is required to show that:  (1) Defendants . . . made a statement to a regulatory agency; and (2) Defendants have taken a position in this litigation 'opposite' the one presented to the regulatory agency. . . .   In this case, Defendants have consistently maintained that all of Plaintiff's damages flow from a government-mandated cleanup. . . .
>
> Under the circumstances, Plaintiff has failed as a matter of law to demonstrate that Defendants . . . made statements to the PID [Pennsylvania Insurance Department] and then took a position [before this Court] opposite to the one presented to the regulatory agency. . . .  [All of Defendants'] . . . statements to the PID . . . can be read consistently with the positions taken by Defense counsel in

---

[1]  The court finds oral argument will not be useful.  *See* text Order dated July 21, 2009 (denying without prejudice plaintiff's motion for oral argument, and indicating that argument would be heard only if the court "deem[ed] it useful and appropriate").

this litigation.

June 3rd R&R at 10-12 (numerous citations and some internal quotations omitted, emphasis added).

The magistrate judge recited in great detail the various representations made by defendants to this court, and concluded that defendants' statements were neither the "opposite" of, nor inconsistent with, the statements made to the Pennsylvania Insurance Department ("PID").[2]  Plaintiff's objections do not overcome the central rationale of the June 3rd R&R.  *See* June 3rd R&R at 13 ("[t]he [court] cannot imagine that" Sunbeam "meant to open the door to regulatory estoppel challenges like the one in this case, <u>especially given Plaintiff's lack of evidence regarding inconsistent statements</u>") (emphasis added).

Plaintiff's objections fail to convince this court that the analyses contained in the June 3rd R&R should be rejected.  With respect to plaintiff's reliance on the laws of insurance contract construction and interpretation, there is no precedent for concluding that a letter sent by Insurance Services Office, Inc. ("ISO") to PID should be construed against the drafter for

---

[2]  June 3rd R&R at 10-11 (highlighting Defendants' assertions that:  "in [the] Kane suit, Plaintiff seeks costs 'arising out of the demand to respond to the lead contamination on or near the Judicial Center property'"; "Kane 'plainly demands payment of the costs of cleaning up pollutants'"; "Kane 'actually [seeks]' compensation for 'expensive remedial measures'"; "Royal has argued that the only claims for which coverage is sought . . . are claims for reimbursement of clean up costs"; "the Kane [s]uit is all about pollution-related damages in response to . . . state regulatory efforts"; "[w]here . . . pollution-related damages arise out of a . . . governmental [demand] for cleanup," "they are plainly barred from coverage"; "[w]here, as here, liability is wholly dependent upon and directly arises from a request to remedy environmental pollution, the exception to the exclusion does not apply"; and "the gravamen of the Kane [s]uit is the pollution-related damages generated in response to . . . state regulatory efforts") (citation to quoted sources omitted).

purposes of application of doctrine of regulatory estoppel.  In any event, all the representations made to the PID were considered in the June 3rd R&R and there is no evidence of record that they were inconsistent with defendants' representations to this court.  *See* discussion *supra*.

Plaintiff's reliance on ISO's 1998 submissions regarding proposed changes to the absolute pollution exclusion is misplaced.  Plaintiff urges that the proposed amendments in 1998, which did not appear in the policies at issue here, were intended to "clarify" prior policy language.  Plaintiff did not mention, however, that this court previously rejected plaintiff's contention that materially similar amendments, found in Federal's "modified" pollution exclusion, "constitute[d] a '[c]larification' that should be read into the prior policies."  R&R dated May 6, 2008 (Doc. 32) at 13 n.5, *adopted by this court* by Mem. Order dated July 29, 2008 (Doc. 39); *see* June 3rd R&R at 9 (PID identified 1998 amendments as "revis[ions]" "add[ing] an exception" to pollution exclusion).

Even to the extent that the 1998 amendments properly may be considered, the ISO statements relied upon by plaintiff must be read in context.  Although ISO did state that, "if property damage is covered, to the extent that repair of such damage necessitates clean up, that coverage is not excluded," *see* Pl.'s Br. at 12 (internal quotations omitted), the actual language of the proposed amendment restricted coverage to "property damage that the insured would have in the absence of [a governmental] request, demand or statutory or regulatory requirement" for cleanup.  June 3rd R&R at 8 (quoting record evidence, emphasis added).  This court found materially similar language, as contained in Federal's "modified" pollution exclusion, unambiguously precluded coverage for environmental cleanup.  R&R dated May 6, 2008 at 10-12 (adopting reasoning in Clean Harbors Envtl. Servs., Inc. v. Boston Basement

Techs., Inc., No. 1705, 2008 WL 534536 (Mass. App. Ct. Feb. 26, 2008)).

The June 3rd R"&R specifically noted that ISO's proposed 1998 amendments were consistent with defendants' position in this litigation, namely that cleanup costs resulting from a governmental request or demand were excluded under the relevant policies. June 3rd R&R at 10 ("Assuming *arguendo* that regulatory estoppel can be established based on statements purporting to interpret insurance provisions not contained in the policies in suit, at best, Plaintiff may argue that Defendants should be estopped from denying coverage for property damage suffered in the absence of a government-mandated cleanup. . . . The problem for Plaintiff, however, is its inability to demonstrate that Defendants have taken an 'opposite' position before this Court."). Plaintiff failed to present evidence to show the contrary, and its objections are OVERRULED.

After a *de novo* review of the pleadings and documents in the case, together with the report and recommendation dated June 3, 2009 and the objections thereto, the following order is entered:

AND NOW, on this 9th day of September, 2009, IT IS HEREBY ORDERED that: Plaintiff's motion for partial summary judgment and for reconsideration (**Doc. 46**) is **DENIED**, and the court's entry of summary judgment in favor of defendants under their "absolute" pollution exclusions is deemed final.[3]

---

[3] Given that Federal's Motion for Summary Judgment regarding its "modified" pollution exclusion has been denied, *see* Mem. Order dated July 29, 2008, at 2 ¶ (d), this litigation clearly may proceed against that defendant. The status of Royal, whose policies contained only the "absolute" pollution exclusion, is less clear. *Cf.* Pl.'s Mot. for Leave to File Reply Brief and for Oral Argument (Doc. 65) at ¶ 5 (suggesting that court's instant ruling "will determine whether coverage is available for the [underlying] multi-million dollar claim against [plaintiff]"). Upon the entry of this memorandum order, the magistrate judge shall schedule a telephonic status conference with the parties to discuss whether final judgment should be entered in favor of Royal, and otherwise to determine how this litigation will proceed.

The report and recommendation of Magistrate Judge Bissoon dated June 3, 2009, as supplemented by this memorandum order, is hereby adopted as the opinion of this court.

/s/ Joy Flowers Conti  
Joy Flowers Conti  
United States District Judge

cc (via email):

All Counsel of Record